IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ERIC M NEGRIN,

        Plaintiff,

VS.                         NO. 5:21-CV-269-MTT-CHW

CAPTAIN BUSTER KING, *et al.*,

        Defendants.

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint seeking relief pursuant to 42 U.S.C. § 1983 filed by *pro se* Plaintiff Eric M. Negrin, a pretrial detainee currently incarcerated at the Wilkinson County Jail in Irwinton, Georgia (ECF No. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 3). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's medical treatment and retaliation claims against Defendant Nurse Tina shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice**.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Wilkinson County Jail. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th

Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

4

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff's claims arise from his pretrial detention in the Wilkinson County Jail ("WCJ") beginning on June 20, 2021. Compl. 5, ECF No. 1. On that date, Plaintiff contends he "had a severe slip & fall on wet painted surface, at yard call" that caused or aggravated prior neck and back injuries, which include seven slipped or herniated discs that require surgery. *Id.* Plaintiff contends that Defendant Nurse Tina denies that Plaintiff has any neck or spine injuries and thus refuses to provide him with "necessary non narcotic pain meds, as well as . . . mental health meds." *Id.* Plaintiff also alleges that Nurse Tina repeatedly refers to the fact that Plaintiff is currently suing Southern Health Partners, the agency that employs Nurse Tina, during their interactions with one another. *Id.*

In addition, Plaintiff alleges that on July 23, 2021, Defendants Marcus and Ford, officers at the WCJ, refused to allow Plaintiff to lie down to alleviate "severe pain" in his neck and back. *Id.* at 6.[1] Instead, these Defendants forced Plaintiff to come out of his cell

---

[1] Although Plaintiff does not list Defendant Ford in the caption of his Complaint, the Court will assume for purposes of this Recommendation that he intended to name Defendant Ford as a Defendant in this case given the allegations made against him in the body of the Complaint.

and "sit on concrete or steel stools for 12+ hours" a day. *Id.* Plaintiff further contends that these officers threatened to deny him access to yard call and shower if he "refused to obey." Compl. 6, ECF No. 1. Plaintiff contends Defendants' actions and inaction violated his constitutional rights, and as a result he primarily seeks compensatory damages and injunctive relief. *Id.* at 7.

### III. Plaintiff's Claims

#### A. Medical Treatment Claims against Nurse Tina

Plaintiff appears to allege that all Defendants are liable for failing to properly treat his neck and back injuries and the pain resulting therefrom. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Goodman*, 718 F.3d at 1331 n.1.[2] "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow*, 320 F.3d at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this

---

[2] The standard for deliberate indifference in the context of a medical claim is the same whether the inmate is a pretrial detainee or convicted prisoner. *Dang v. Sheriff*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017); *see also Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A "serious medical need" may also exist when "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).

Plaintiff's allegations are sufficient to demonstrate that he had a serious medical need, at least for purposes of preliminary screening. Plaintiff also alleges that Nurse Tina knew of these injuries and refused to provide him with medication. Compl. 5, ECF No. 1. Plaintiff further suggests that she refused to treat him because he had filed a lawsuit against Southern Health Partners. *See id.* These allegations are sufficient to permit Plaintiff's deliberate indifference claims against Nurse Tina to proceed for further factual development. *See, e.g., Benson v. Gordon Cnty.*, 479 F. App'x 315, 319 (11th Cir. 2012) (per curiam) (prisoner stated claim against nurse who intentionally withheld prescribed pain medication from prisoner for days despite knowing prisoner was in pain); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out.").

    B.  <u>Medical Treatment Claims against Defendants Ford and Marcus</u>

Plaintiff also suggests that Defendants Ford and Marcus should be held liable for violating his constitutional rights because they "refused [Plaintiff's] request to be able to lay down" due to "severe pain" in Plaintiff's neck and back. Compl. 6, ECF No. 1. Generally, however, a jail official who is not a medical professional can only be

7

deliberately indifferent to an inmate's serious medical needs if the inmate's need for treatment would be obvious to a layperson and the jail official knows or has reason to know that the prison's medical staff is not providing the appropriate treatment. *See Kuhne v. Fla. Dep't Corr.*, 618 F. App'x 498, 507 (11th Cir. 2015) (per curiam) (holding that "when a layperson is accused of deliberate indifference, the plaintiff must present[] evidence that her situation was so obviously dire that two lay [officers] must have known that a medical professional had grossly misjudged [the plaintiff's] condition" (internal quotation marks omitted) (alterations in original)); *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (holding that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference").

In this case, Plaintiff has not alleged any facts suggesting that Plaintiff had an obvious injury that would require him to lie down during the day, that he had a pass or profile indicating that a medical provider had prescribed such treatment, or that Defendants Ford and Marcus knew or should have known that Nurse Tina or other prison medical providers were not providing Plaintiff with pain relief or other treatment. Plaintiff has therefore failed to plead facts sufficient to state an actionable claim against Defendants Ford and Marcus, and these claims should be dismissed without prejudice.

        C.        Medical Treatment Claims against Defendants King and Graham

Plaintiff also names Defendants King and Graham as Defendants in this action, but he does not clearly plead facts associating each of these Defendants with the constitutional

violations he alleges. Plaintiff's claims against these Defendants could be dismissed on this ground alone. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). When Plaintiff's allegations are construed liberally, however, it may be inferred that Plaintiff intends to sue Defendant King, a captain at the WCJ, and Defendant Graham, a physician with Southern Health Partners, as the supervisors of Defendants Nurse Tina, Ford, and Marcus.

It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff has not pleaded any facts suggesting that either Defendant King or Defendant Graham had an improper custom or policy that led to the alleged violation of

Plaintiff's constitutional rights or that either of these Defendants instructed their subordinates to act unlawfully or knew that their subordinates would do so and failed to stop them. In addition, Plaintiff fails to allege facts showing that a history of widespread abuse exists either at WCJ or with respect to the medical care provided by Southern Health Partners. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). At most, Plaintiff alleges that he was not provided prescribed medications at a different jail where Southern Health Partners was also the contract provider of medical care. Compl. 5, ECF No. 1. Plaintiff's Complaint, as pleaded, does not contain specific facts sufficient to demonstrate that these alleged incidents are so flagrantly unconstitutional or rampant that they would provide either Defendant notice of a need to correct the constitutional deprivations. As such, Plaintiff has failed to state a supervisory liability claim against Defendants King and Graham, and those claims should also be dismissed without prejudice.

        D.     Retaliation Claim

As alluded to above, Plaintiff also alleges that he believes that he is "being retaliated against" because Nurse Tina "always refers that [Plaintiff is] currently under a lawsuit w/her company" when she "refuse[s] to provide [Plaintiff] w/any proper medical treatment[.]" Compl. 5, ECF No. 1. It is well established that an adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam). To prove a

retaliation claim, an inmate generally needs to show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). At this early stage of the litigation, Plaintiff's allegations that Nurse Tina withheld medical treatment because Plaintiff was engaged in a lawsuit with her employer are sufficient to permit his retaliation claims to proceed for further factual development.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED,** and Plaintiff's medical treatment and retaliation claims against Defendant Nurse Tina shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that certain of Plaintiff's allegations against Defendant Nurse Tina warrant further factual development, it is accordingly **ORDERED** that service be made on Defendant and that she file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

    **SO ORDERED AND RECOMMENDED**, this 18th day of October, 2021.

                                           s/ Charles H. Weigle
                                           Charles H. Weigle
                                           United States Magistrate Judge