IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ERIC M. NEGRIN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-269-MTT-CHW |
| | : | |
| **Captain BUSTER KING,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER AND RECOMMENDATION

Before the Court are three motions addressed in greater detail below. Plaintiff's Eric Negrin's motion to stay (Doc. 41) is **DENIED**. Plaintiff's motion for an extension of discovery (Doc. 44) is **GRANTED in part**, in that a uniform schedule will run as to all defendants. Finally, it is **RECOMMENDED** that a motion to dismiss or consolidate filed by Defendants Graham and Howell (Doc. 30) be **DENIED**.

### Motion to Stay

In one motion before the Court, Plaintiff asks for a stay of proceedings based on a possible future transfer. (Doc. 41). This motion is **DENIED**. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). Although there is no good cause for a broad general stay, Plaintiff may seek an extension of any applicable deadline, should such an extension prove necessary. Indeed, Plaintiff has already done so.

### Motion for Extension

In another motion, Plaintiff seeks a 90-day extension of discovery due to an alleged attack. (Doc. 44). Plaintiff's motion is **GRANTED**. In the interests of efficiency, a uniform discovery

1

schedule will apply to all parties. The discovery period is hereby reopened, and it will run until **November 15, 2022**. Dispositive motions are due by **December 15, 2022**.

Motion to Dismiss or Consolidate

In a final motion, Defendants Graham and Howell seek either a dismissal of this action as duplicative of another action maintained by Plaintiff Negrin (*Negrin v. Graham*, Case No. 5:21-cv-245 (MTT)) or a consolidation of the two actions. (Doc. 30). Rule 42 of the Federal Rules of Civil Procedure gives courts discretion to consolidate cases if the actions "involve a common question of fact or law." Fed.R.Civ.P. 42(1)(a).

Although Plaintiff's two actions involve some common parties, Plaintiff's other action raises claims of kidney injury due to fluoride poisoning. This action, in relevant part, raises distinct medical-care claims relating to treatment of different injuries that Plaintiff allegedly sustained during a slip and fall. While discovery in the two actions may overlap — both actions undoubtedly require a review of Plaintiff's prison medical records — there is no duplication of claims, and hence a dismissal is not appropriate.[1]

Additionally, consolidation would not yield ease of administration, at least at this early juncture. In addition to their distinct medical-care claims, both of Negrin's actions involve a variety of other claims and different defendants. Moreover, Plaintiff's claims in this action arise from two simultaneously operative complaints. *See* (Doc. 14, p. 2). Cross referencing Plaintiff's claims in still another complaint filed in Case No. 5:21-cv-245 would benefit neither the parties

---

[1] Because two defendants are common to both cases, Plaintiff himself would have been authorized to raise both claims in a single complaint under the permissive joinder provisions of Rule 18. Rule 42, however, does not authorize consolidation based on common parties, but only based on common questions of law and fact.

nor the Court. Accordingly, it is **RECOMMENDED** that the Court **DENY** the Defendants' motion to dismiss or consolidate (Doc. 30).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the presiding District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES.** See M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 19th day of August, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge